**FILED**

JEFFREY A. APPERSON, CLERK

NOV 22 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:03CV-771-H

CARRIE MCKINNEY                                              PLAINTIFF

v.          **INSTRUCTIONS AND VERDICT FORMS TENDERED BY
            DEFENDANTS, HYUNDAI MOTOR AMERICA, INC.
            AND HYUNDAI MOTOR CORPORATION**

HYUNDAI MOTOR AMERICA, INC., et al.                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

The Defendants, Hyundai Motor America, Inc. and Hyundai Motor Corporation

(collectively "Hyundai"), by counsel, tender the Instructions and Verdict Forms attached

hereto.  Hyundai respectfully reserves the right to withdraw or amend these Instructions

or Verdict Forms or to tender such further Instructions or Verdict Forms as may be

appropriate at the conclusion of all the evidence.

Respectfully submitted,

David T. Schaefer
Anne K. Guillory
WOODWARD, HOBSON & FULTON, LLP
2500 National City Tower
Louisville, KY  40202-3175
(502) 581-8000

Robert Maxwell
Michael B. Alker
McCranie, Sistrunk, Anzelmo, Hardy,
  Maxwell & McDaniel
195 Greenbriar Blvd.
Suite 200
Covington, LA 70433
(504) 846-8331

Jason R. Erb
Hyundai Motor America
10550 Talbert Avenue
P.O. Box 20850
Fountain Valley, CA 92728-0850
(714) 965-3000

Counsel for Defendants,
  Hyundai Motor America, Inc.
  and Hyundai Motor Company

## CERTIFICATE OF SERVICE

This is to certify that a true copy hereof was this _22_ day of November, 2005, mailed postage prepaid, first class mail to:

Tyler S. Thompson
Dolt, Thompson, Shepherd & Kinney, P.S.C.
310 Starks Building
455 South Fourth Ave.
Louisville, KY 40202
(502)587-6554
Co-Counsel for Plaintiff

Brent Travelsted
Hughes & Coleman
P.O. Box 10120
Bowling Green, KY 42102
(270)782-6002
Co-Counsel for Plaintiff

Robert E. Sanders
The Charles H. Fisk House
1017 Russell Street
Covington, KY 41011-3052
Co-Counsel for Plaintiff

_David T. Schaefer_

David T. Schaefer
Anne K. Guillory

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 1

### GENERAL INTRODUCTION

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have an opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.01 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 2

## ALL PERSONS EQUAL BEFORE THE LAW - ORGANIZATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.12 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 3

### EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.  Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.30 (5th ed. 2000).


Given _____


Denied _____


Modified _____


Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 4

## PREPONDERANCE OF THE EVIDENCE

The Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the Plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for Hyundai as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact and issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.


Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 5

### OPINION EVIDENCE - EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for the opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 104.40 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 6

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.11 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 7

## ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS

In this case, the Plaintiff claims that the design of the driver seat in the 1998 Hyundai Sonata in question was defective and unreasonably dangerous.  In order for the Plaintiff to recover, you must believe from a preponderance of the evidence:

(1)     That the driver seat in the 1998 Hyundai Sonata was defectively designed;

(2)     That such defect existed at the time the vehicle was assembled;

(3)     That, by reason of such defect, the seat was unreasonably dangerous for use by Carrie McKinney;

AND

(4)     That such defect was a substantial factor in causing enhanced injuries to Carrie McKinney that were greater than those which she would have otherwise sustained.

A "defective and unreasonably dangerous design," as those terms are used in these Instructions, is one which created such a risk of injury that an ordinarily prudent company engaged in the design of the product, being fully aware of the risk, would not have put the design on the market.

In considering whether an ordinarily prudent manufacturer would have put the 1998 Hyundai Sonata on the market as designed, you must determine whether there existed at the time of its design a reasonable alternative design that was feasible, practical and safer overall, and whether a reasonably prudent manufacturer, being fully

aware of the risks, would have used that alternative design. The word "feasible," for this purpose, includes not only elements of economy, effectiveness and practicality, but also technological possibilities under the state of the manufacturing art at the time of its design. It is not sufficient that an alternative design would have reduced or prevented the harm suffered by the Plaintiff in this particular case if it would have also have introduced into the product other dangers or disadvantages of equal or greater magnitude. Thus, you must consider whether the use of any alternative designs proposed by Plaintiff would have increased or decreased the usefulness of the product, increased or decreased the overall safety of the product, and increased or decreased any other benefit provided by the product as actually designed.

A manufacturer is not required to design the best possible product, or one as good as others make, or a better product than it has, so long as the product is reasonably safe. A manufacturer is not an insurer that nobody will be injured when using its product. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it. Proof of nothing more than that a particular injury would not have occurred, had the product been designed differently, is not sufficient to establish a breach of the manufacturer's duty as to the design. In determining whether a design is defective and unreasonably dangerous, you should consider whether the benefits of the product as designed outweigh its inherent risks.

If you find that all of the four elements set forth above have been established by a preponderance of the evidence, your verdict should be for the Plaintiff, Carrie McKinney.

If you find that any one of these four elements have not been established by a preponderance of the evidence, you should return your verdict for Hyundai.

Authorities: <u>Tobin v. Astra Pharmaceutical Products, Inc.,</u> 993 F.2d 528, 536 (6th Cir. 1993); <u>Nichols v. Union Underwear Co., Inc.,</u> 602 S.W.2d 429, 433 (Ky. 1980); <u>Montgomery Elevator Company v. McCullough,</u> 676 S.W.2d 776 (Ky. 1984); <u>Toyota Motor Corp. v. Gregory,</u> 136 S.W.3d 35 (Ky. 2004); <u>Ingersoll-Rand Co. v. Rice,</u> 775 S.W.2d 924, 928-29 (Ky. App. 1989); RESTATEMENT (THIRD) OF TORTS:  PRODUCTS LIABILITY, § 2, Comment f (1998); <u>Jones v. Hutchison Manufacturing, Inc.,</u> 502 S.W.2d 66, 69-70 (Ky. 1973); <u>Tipton v. Michelin Tire Co.,</u> 101 F.3d 1145 (6th Cir. 1996); <u>Gray v. General Motors Corp.,</u> 133 F.Supp.2d 530, 535 (E.D. Ky. 2001); <u>McCoy v. General Motors Corp.,</u> 47 F.Supp.2d 838, 839 (E.D. Ky. 1998).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 8

### FEDERAL MOTOR VEHICLE SAFETY STANDARDS

Federal Motor Vehicle Safety Standard 207 was adopted by the National Highway Traffic Safety Administration to "meet the need for motor vehicle safety." Federal Motor Vehicle Safety Standards are "minimum" standards in the sense that vehicles that do not comply with the standard cannot lawfully be sold in the United States. According to the Safety Administration, however, and as a matter of federal law, Federal Motor Vehicle Safety Standards are not "minimal" engineering or design standards because they are required by law to meet the need for motor vehicle safety. The Court has found as a matter of law that the vehicle in question fully complied with the requirements of Federal Motor Vehicle Safety Standard 207.

Authorities:  49 U.S.C. § 30111 (formerly 15 U.S.C. § 1392); 41 Fed. Reg. 2391, 2392 (Jan. 16, 1976).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### CONFORMITY TO PREVAILING STANDARDS

Unless you find by a preponderance of the evidence in this case to the contrary, you shall find that the design of the driver seat in question was not defective since the Court has found, as a matter of law, that the design conformed to the generally-recognized and prevailing Federal Motor Vehicle Safety Standards in existence at the time the design was prepared and the product was manufactured.


Authority: KRS 411.310(2).


Given _____


Denied _____


Modified _____


Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 10

## CONTRIBUTORY FAULT OF DAVID STOKES AND QS TRUCKING

It was the duty of David Stokes, in operating his tractor-trailer in the course of his employment with QS Trucking, to exercise ordinary care for the safety of other persons using the highway.  This general duty of ordinary care in the operation of his tractor-trailer included the following specific duties:

(a)     To have the tractor-trailer under reasonable control;

(b)     To keep a lookout ahead for other persons and vehicles in front of him or so near his intended path of travel as to be in danger of collision, and not to follow another vehicle more closely than was reasonable and prudent, and having regard for the speed of respective vehicles and for the traffic upon and conditions of the highway;

(c)     To exercise ordinary care generally to avoid collision with other persons and vehicles on the highway; AND

(d)     Not to drive at a speed greater than was reasonable and prudent, having regard for the condition of the roadway, and not exceeding 65 mph.

"Ordinary care," as used in this Instruction, means that care which one would expect an ordinarily prudent person to exercise under similar circumstances.

If you find for the Plaintiff as against Hyundai but are also satisfied that David Stokes failed to comply with his duty of ordinary care and that such failure was a substantial factor in causing Plaintiff's injuries, then you must determine from the evidence and indicate on the Verdict Form what percentage of the total fault was

attributable to the parties.  In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between their conduct and the damages claimed.

If you find that the sole cause of Plaintiff's injuries was David Stokes' failure to exercise ordinary care in the operation of his tractor-trailer, then you must find for Hyundai.

Authorities: 2 Palmore, Instructions to Juries, §§ 14.01, 16.29 (1989); Wemyss v. Coleman, 729 S.W.2d 174 (Ky. 1987); KRS 411.182; KRS 189.290; KRS 189.340; KRS 189.390.

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 11

### CONTRIBUTORY FAULT OF CARRIE MCKINNEY

It was the duty of Carrie McKinney to exercise ordinary care for her own safety while operating a motor vehicle. This general duty of ordinary care includes the following specific duties:

(a) to wear a properly adjusted and fastened seatbelt while operating the 1998 Hyundai Sonata; AND

(b) to require her passenger Curtis McKinney to wear a property adjusted and fastened seatbelt while the 1998 Hyundai Sonata was in operation.

The Court has found that Carrie McKinney breached these duties by failing to wear her seatbelt and by failing to require Curtis McKinney to wear his seatbelt.

If you find for the Plaintiff as against Hyundai but are also satisfied that the Plaintiff's breach of her duties was a substantial factor in causing her injuries, then you must determine from the evidence and indicate on the Verdict Form what percentage of the total fault was attributable to the parties. In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between their conduct and the damages claimed.

Authorities: 2 Palmore, Instructions to Juries, Comments to § 16.29 (1989); Wemyss v. Coleman, 729 S.W.2d 174 (Ky. 1987); Britton v. Wooten, 817 S.W.2d 443 (Ky. 1991); Carman v. Dunaway Timber Co., Inc., 949 S.W.2d 569 (Ky. 1997); Geyer v. Mankin, 984 S.W.2d 104 (Ky. App. 1998); Lewis v. B & R Corp., 56 S.W.3d 432 (Ky. App. 2001); Tetrick v. Frashure, 119 S.W.3d 89 (Ky. App. 2003); KRS 189.125(6); KRS 411.182.

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 12

## DAMAGES

The Plaintiff alleges that she sustained damages by reason of her injuries.  These allegations are not evidence, of course, but merely the extent of the Plaintiff's claims, and must not be considered by you as evidence in this case.

If you find for the Plaintiff under Instruction No. 7, you will award her such a sum in damages as will fairly and reasonably compensate her for any damages, for injuries over and above those injuries she otherwise would have received in this accident regardless of the design of the seat, which you believe from a preponderance of the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of the alleged defects for:

      (a)    Necessary and reasonable medical expenses she has incurred to date, not to exceed the sum of $_____ the amount claimed;

      (b)    Necessary and reasonable medical and custodial expenses she is reasonably certain to incur in the future, not to exceed the sum of $_____, the amount claimed;

      (c)    Physical and mental pain and suffering that she has sustained or is reasonably certain to sustain in the future, not to exceed the sum of $_____, the amount claimed.

Authorities:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §128.01 (5th ed. 2000) (as modified); 2 Palmore, Instructions to Juries, §§ 39.02, 39.03 and 39.04 and 39.05 (1989).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 14

### VERDICT FORMS - JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.07 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 15

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.01 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

## DEFENDANTS' PROPOSED JURY
## INSTRUCTION NO. 16

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.08 (5th ed. 2000).

Given _____

Denied _____

Modified _____

Withdrawn _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:03CV-771-H

CARRIE MCKINNEY                                                    PLAINTIFF


v.                              **VERDICT**


HYUNDAI MOTOR AMERICA, INC., et al.                               DEFENDANTS

* * * * * * * * *

INTERROGATORY NO. 1

As set forth in Instructions No. 7, 8, and 9, do you find by a preponderance of the

evidence that the design of the driver seat in the 1998 Hyundai Sonata was defective and

unreasonably dangerous for use by Carrie McKinney?

Yes        _____

No         _____


_____
Foreperson


_____
Date

If you answered "No" to Interrogatory No. 1, then please return to the courtroom.

If you answered "Yes" to Interrogatory No. 1, then proceed to Interrogatory No. 2.

INTERROGATORY NO. 2

As set forth in Instruction No. 7, do you find by a preponderance of the evidence that a design defect in the seat was a substantial factor in causing enhanced injuries to Carrie McKinney?

Yes     _____

No      _____

_____
Foreperson

_____
Date

If you answered "No" to Interrogatory No. 2, then please return to the courtroom.

If you answered "Yes" to Interrogatory No. 2, then proceed to Interrogatory No. 3.

## INTERROGATORY NO. 3

As set forth in Instruction 10, do you believe from the evidence that David Stokes failed to exercise ordinary care in his operation of the tractor-trailer that collided with the subject vehicle at the time and place in question?


Yes      _____

No       _____


_____
Foreperson


_____
Date


If you answered "No" to Interrogatory No. 3, then proceed to Interrogatory No. 5.

If you answered "Yes" to Interrogatory No. 3, then proceed to Interrogatory No. 4.

3

INTERROGATORY NO. 4

As set forth in Instruction 10, do you find from the evidence that David Stokes's failure to exercise ordinary care was a substantial factor in causing Carrie McKinney's injuries?

Yes _____

No _____

_____
Foreperson

_____
Date

Please proceed to Interrogatory No. 5.

4

## INTERROGATORY NO. 5

As set forth in Instruction 11, this Court has found that Carrie McKinney failed to exercise ordinary care for her own safety by failing to wear her seatbelt and by failing to require Curtis McKinney to wear his seatbelt during operation of the 1998 Hyundai Sonata.   Do you find from the evidence that Carrie McKinney's failure to exercise ordinary care was a substantial factor in causing her injuries?


Yes      _____

No       _____


 

 

_____
Foreperson


_____
Date


Please proceed to Interrogatory No. 6.

## INTERROGATORY NO. 6

If you answered "Yes" to Interrogatory No. 4 and/or Interrogatory No. 5, indicate below what percentage of total fault, if any, is attributable to  Carrie McKinney, Hyundai, and David Stokes, as follows:

| | |
|---|---|
| Carrie McKinney | _____% |
| Hyundai | _____% |
| David Stokes and QS Trucking | _____% |
| TOTAL | 100% |

u

_____
Foreperson


_____
Date


Proceed to Interrogatory No. 7.

## INTERROGATORY NO. 7

Without regard to any percentage of fault that you may have found in Interrogatory No. 6, what sums will fairly and reasonably compensate Carrie McKinney for any damages that you believe from the evidence she sustained, as a result of injuries over and above those she otherwise would have received regardless of the design of the seatbacks in the subject vehicle?

(a)  Necessary and reasonable medical expenses she has incurred to date, not to exceed the sum of $_____, the amount claimed;

        (a)  $_____

(b)  Necessary and reasonable medical and custodial expenses she is reasonably certain to incur in the future, not to exceed the sum of $_____, the amount claimed;

        (b)  $_____

(c)  Physical and mental pain and suffering that she has sustained or is reasonably certain to sustain in the future, not to exceed the sum of $_____, the amount claimed;

        (c)  $_____

Your total award of compensatory damages to Carrie McKinney shall not exceed the sum of $_____, the amount claimed.

        Total  $_____

_____
Foreperson

_____
Date

Please return to the courtroom.

7